2016 UT App 20

## THE UTAH COURT OF APPEALS

PACIFICORP,
Appellee,
*v.*
PAUL F. CARDON,
Appellant.

Memorandum Decision
No. 20141103-CA
Filed January 28, 2016

First District Court, Logan Department
The Honorable Kevin K. Allen
No. 090100469

Blake S. Atkin, Attorney for Appellant

Stephen K. Christiansen, Bret W. Reich, and Sam
Meziani, Attorneys for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN
concurred.

TOOMEY, Judge:

¶1     In this appeal we must determine whether the district
court incorrectly enforced a permanent injunction against Paul F.
Cardon and whether the court exceeded its discretion when it
denied his request for an evidentiary hearing. We conclude that
it did neither and therefore affirm the order.

¶2     PacifiCorp owns a strip of vegetation on the edge of
Cutler Reservoir and uses the reservoir for its hydroelectric
renewable-energy project. Pursuant to federal law, to protect the
integrity of reservoir's banks and water quality, PacifiCorp must
maintain the buffer. This requires PacifiCorp to periodically
access its land via an old county road which crosses Cardon's

curtilage.[1] The road runs from Sam Fellow Road along the edge of the reservoir and then, before reaching Cardon's barn, it deviates away from the reservoir through Cardon's property before winding back alongside the reservoir, where it reaches PacifiCorp's property.

¶3    In 2009, PacifiCorp filed suit against Cardon alleging nuisance and trespass after Cardon interfered with its maintenance and management of the reservoir by blocking access over the road through Cardon's property. Cardon was held in contempt for failing to respond to discovery requests and for perpetrating a fraud on the court by preparing and filing false documents. The district court then entered a default judgment against Cardon in 2011 (the 2011 Default Judgment). Specifically, the court permanently enjoined Cardon from "preventing PacifiCorp access to Cutler Reservoir." Cardon did not appeal this order.

¶4    On several occasions since the entry of the 2011 Default Judgment, Cardon blocked PacifiCorp's access to its property via the old county road. In 2014, PacifiCorp filed a motion to enforce the 2011 Default Judgment and requested an evidentiary hearing. Through counsel, Cardon submitted an opposition to PacifiCorp's motion to enforce and also asked for an evidentiary hearing. Cardon argued that granting PacifiCorp's motion to enforce was really an inappropriate request to expand the 2011 Default Judgment to include access to Cardon's barnyard. He essentially argued that PacifiCorp only needs access to the portions of the road that are not on his property because "that former county road gives PacifiCorp ample access to Cutler Reservoir long before reaching the Cardon barnyard." In a memorandum decision, the district court granted PacifiCorp's

---

1. Curtilage is "[t]he land or yard adjoining a house, usually within an enclosure." *Black's Law Dictionary* 441 (9th ed. 2009).

motion to enforce the injunction and denied the parties' request for an evidentiary hearing. The court disagreed with Cardon's characterization of PacifiCorp's motion, stating,

> Simple access to Cutler Reservoir is not what PacifiCorp requested. The underlying purpose of the lawsuit was to prevent Cardon from interfering with PacifiCorp's legal obligation to maintain the buffer strip on its property. PacifiCorp cannot perform that obligation if it cannot access the property. Naturally, the Judgment does not give PacifiCorp unfettered access to go wherever it wants on Cardon's property. It does, however, provide limited access to the buffer strip "along the former country road or lane that connects to Sam Fellow Road and that *crosses through defendant's property*." This includes the lane that passes *through* Cardon's farm yard and connects with the pathway leading to PacifiCorp's property.

(Quoting the 2011 Default Judgment.)

¶5    On appeal from this memorandum decision, Cardon reiterates the arguments made in opposition to PacifiCorp's motion to enforce and argues the court erred when it enforced the 2011 Default Judgment.[2] He argues, "By entering such an

---

2. To the extent Cardon challenges the merits of the underlying order and whether the road that runs through his property is a proper easement, we conclude that we lack jurisdiction. An appeal from final judgment "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "This deadline is jurisdictional in nature, meaning that an appellate court simply has no power to hear the case if a notice of appeal is untimely."

(continued…)

order, the trial court improperly expanded the scope of the [2011 Default Judgment] beyond the scope of that sought by PacifiCorp in its amended complaint and beyond the terms of the default injunction." "We review procedural issues for correctness and afford no deference to the lower court's ruling." *Berman v. Yarbrough*, 2011 UT 79, ¶ 12, 267 P.3d 905.

¶6      "[M]otions to enforce are appropriate *only* when a party fails to comply with his or her legal obligations." *Id.* ¶ 14. To the extent that a party's motion to enforce is based on a court order, "[a] court's power to enforce a judgment is confined to the four corners of the judgment itself." *Id.* ¶ 15 (alteration in original) (citation and internal quotation marks omitted). Thus, granting a motion to enforce a judgment is procedurally proper only if the "unequivocal mandate" which the court is enforcing is also contained in the judgment. *Cf. id.* ("[I]f a court order does not contain a clear directive for a party to undertake a certain action, then a motion to enforce is procedurally improper.").

¶7      In his opposition, Cardon did not dispute that he obstructed PacifiCorp's access to the road that crosses his property. Instead, he asserted that the court's decision required him to allow PacifiCorp to access only the old county road, not the portions of the road that abuts his barnyard or passes

---

(…continued)
*State v. Collins*, 2014 UT 61, ¶ 22, 342 P.3d 789 (citation and internal quotation marks omitted). The final default judgment order regarding the injunction was entered in early 2011. Furthermore, in 2011, in a separate but related case, a district court entered judgment in favor of PacifiCorp, operating as Rocky Mountain Power, granting it ownership in the easement across Cardon's land. But Cardon did not appeal those orders within thirty days. We therefore lack jurisdiction to consider these challenges further.

through his curtilage. On appeal, Cardon suggests that the 2011 Default Judgment provides PacifiCorp with access to the road everywhere but where it meets his property—claiming that PacifiCorp should access its property through the reservoir itself rather than by the road through his property. But this suggestion misses the mark.

¶8 The 2011 Default Judgment expressly enjoined Cardon from "[o]bstructing or preventing PacifiCorp['s] access to Cutler Reservoir, *including access along the former county road or lane that connects to Sam Fellow Road and that crosses through defendant's property.*" (Emphasis added.) And, in the order granting PacifiCorp's motion to enforce, the court quoted its prior judgment, emphasizing that this "includes the lane that passes *through* Cardon's property and connects with the route leading to PacifiCorp's property." Nothing in the order suggests that the court gave PacifiCorp leeway to access anything more than the narrow road that passes through Cardon's property as described in the 2011 Default Judgment. Indeed, in its memorandum decision, the court clarified that PacifiCorp's access to the former county road "does not give PacifiCorp unfettered access to go wherever it wants on Cardon's property." The court expressly afforded PacifiCorp the right to access the road that crosses Cardon's property. We therefore conclude that the district court did not improperly enjoin Cardon from behavior that fell outside the scope of the mandate in the 2011 Default Judgment.

¶9 Furthermore, the court did not abuse its discretion by declining to conduct an evidentiary hearing. "The court must grant a request for hearing on a motion . . . unless the court finds that . . . the issue has been authoritatively decided." Utah R. Civ. P. 7(h). Here, as allowed by the Utah Rules of Civil Procedure, the court denied the parties' requests for an evidentiary hearing after making such a finding. In opposing PacifiCorp's motion to enforce, Cardon argued that access to the road crossing his property was not necessary for PacifiCorp to access the

reservoir. Specifically, he asserted that "[t]he former county road referenced in the default judgment ends before the lane that enters into the Cardon farmyard." The 2011 Default Judgment decided this issue when it expressly afforded PacifiCorp the right to access the old county road—and specifically included the section of road that crosses Cardon's property. Based on its plain language, the injunction applies to the "lane that connects to Sam Fellow Road and that crosses through defendant's property." Thus, even if we assume the road that passes through Cardon's property is not part of the former county road, as Cardon seems to argue, the court expressly determined in the 2011 Default Judgment that the injunction included that portion of the road that crosses his property. Accordingly, we cannot conclude that the court exceeded its discretion in denying the request for an evidentiary hearing when it found that this issue had been authoritatively decided.

¶10     In sum, Cardon fails to convince us that the district court improperly enforced the 2011 Default Judgment. And despite Cardon's earlier fraudulent behavior and disregard for the court and its procedures, the district court has consistently afforded Cardon every opportunity to defend against PacifiCorp's motions. He simply did not succeed. Accordingly, we affirm the court's order enforcing the 2011 Default Judgment enjoining Cardon from preventing or obstructing PacifiCorp's access to its property via the road that crosses through his property.

——————————